# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AMOS WESTMORELAND, | : | PRISONER CIVIL RIGHTS |
| GDC No. 1041629, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2080-TWT-ECS |
| ADELE GRUBBS et al., | : | |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION AND ORDER**

Proceeding <u>pro se</u>, state prisoner Amos Westmoreland filed a civil rights complaint under 42 U.S.C. § 1983 against his public defenders, several police officers, a trial judge, and seven members of the Georgia Supreme Court. [Doc. No. 1]. Because most of his claims are time-barred and the remainder seek relief from defendants who are immune from suit under § 1983, Mr. Westmoreland's complaint should be dismissed. <u>See</u> 28 U.S.C. § 1915A.

For purposes of this Final Report and Recommendation, the undersigned accepts as true Mr. Westmoreland's history of his criminal trial and direct appeal in Georgia state court:

> The crimes were committed allegedly on May 17, 2007. On November 30, 2007, Movant was charged in a multi-count indictment. After makeshift arraignment on January 10, 2008, Movant was appointed several public defenders until trial commenced on October 20, 2008. On October 23, 2008, Movant was found guilty of (2 counts) of Burglary, (2) counts of fleeing and attempting to elude a pursuing officer, (2) counts of felony murder (predicated on burglary and attempting to elude), obstruction, operating a vehicle w/o a secure load, reckless driving, homicide by motor

>     vehicle (predicated on reckless driving), and serious
>     injury by motor vehicle (predicated on reckless
>     driving.  Movant recieved a sentence of life
>     imprisonment for felony murder while in the commission
>     of a burglary, and 15 years consecutive for serious
>     injury by motor vehicle, plus 12 months concurrent for
>     the misdemeanor counts.  Movant appealed from the
>     denial of Motion for New Trial (3-12-09). On direct
>     appeal to the Georgia Supreme Court, the Court made
>     its decision on June 28, 2010 and affirmed the lower
>     court's decision, all Justices concurred.

[Id. at 21 (spelling and punctuation as in original)].

Mr. Westmoreland complains that (1) his public defenders (sometimes acting alone and sometimes in concert with police officers) violated his rights because they had conflicts of interest, did not aggressively enough seek or use a copy of a police pursuit policy, ignored evidence he wanted presented, and were generally ineffective [id. at 1-7, 12-14, 22-23, 25-26]; (2) a state court trial judge ignored conflicts of interest, failed to protect his rights, made errors of law, and showed prejudice [id. at 8-11, 22]; and (3) seven members of the Georgia Supreme Court, "showing total disregard for Due Process and Constitutional Rights," issued an "equivocated decision" [id. at 15-20, 24-25].  Mr. Westmoreland is seeking hundreds of millions of dollars in damages. See [id. at 27].

A two-year statute of limitations applies to § 1983 actions in Georgia. See Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008). Therefore, all claims that arose more that two years before Mr.

2

Westmoreland filed this suit on June 13, 2012, see [Doc. No. 1-1 at 1], are now time-barred. That includes all of the claims he seeks to bring against the defendants except for the claims against the Georgia Supreme Court justices.

Although Mr. Westmoreland's claims against the members of the Georgia Supreme Court arising out of their June 28, 2010, decision fall just within the two-year limitations period, those claims must also be dismissed. "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 347 (1872). Thus, a judge is entitled to absolute judicial immunity from damages arising from acts taken in his judicial capacity, unless he acts in the clear absence of all jurisdiction. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). "[T]he nature of the act itself, i.e., whether it is a function normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity," determine whether an act was within a judge's judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978); see also Mireles v. Waco, 502 U.S. 9, 12 (1991). And a judge acts in the clear absence of jurisdiction only where he is entirely without subject matter

3

jurisdiction, not merely because he may have acted in a manner that was erroneous, malicious, or in excess of authority. Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985) (en banc). See also Pierson v. Ray, 386 U.S. 547, 554 (1967) ("Immunity applies even when the judge is accused of acting maliciously and corruptly.")

It is beyond question that the decision rendered in Mr. Westmoreland's direct appeal by the Georgia Supreme Court was within that court's subject matter jurisdiction and that it was a normal judicial act. The Georgia Supreme Court justices that Mr. Westmoreland named as defendants in this case are therefore entitled to judicial immunity from suit under § 1983 for that decision.

For the foregoing reasons, the undersigned **RECOMMENDS** that Mr. Westmoreland's complaint be **DISMISSED**. See 28 U.S.C. § 1915A.

The undersigned **GRANTS** Mr. Westmoreland' request for permission to proceed in forma pauperis. [Doc. No. 3].

The Clerk is **DIRECTED** to transmit a copy of this Order to the warden of the institution where Mr. Westmoreland is confined. The warden of that institution, or his designee, is **ORDERED** to remit the $350 filing fee due from Mr. Westmoreland for this case in "monthly payments of 20 percent of the preceding month's income credited to . . . [his] account . . . each time the amount in the account exceeds $10 until the filing fee[]" is paid in full. 28 U.S.C. § 1915(b)(2).

4

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned.

**SO RECOMMENDED, ORDERED, and DIRECTED,** this 23rd day of July, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AMOS WESTMORELAND, | : | PRISONER CIVIL RIGHTS |
| GDC No. 1041629, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2080-TWT-ECS |
| ADELE GRUBBS et al., | : | |
|     Defendants. | : | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain

error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 23rd day of July, 2012.

                                            ***S/ E. Clayton Scofield III***
                                            E. CLAYTON SCOFIELD III
                                            UNITED STATES MAGISTRATE JUDGE